*1284 ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.
This disciplinary matter arises from a petition for consent discipline filed by respondent, Roxanne D. Andrus, an attorney licensed to practice law in the State of Louisiana but currently on interim suspension.[1] The Office of Disciplinary Counsel (“ODC”) concurred in respondent’s petition, and the disciplinary board recommended the proposed consent discipline be accepted.
UNDERLYING FACTS
Two sets of formal charges were filed against respondent by the ODC. The first, OO-DB-117, was filed on September 15, 2000 and encompasses seven counts of misconduct. The second, 01-DB-018, was filed on February 8, 2001 and encompasses five counts of misconduct. The two sets of formal charges were consolidated in the disciplinary board after the filing of the petition for consent discipline.
OO-DB-117

The Cormier Matter

Respondent was retained to handle a personal injury matter for Barbara Cormier. Ms. Cormier requested an accounting when the case settled in December 1996; however, respondent failed to comply with this request. Respondent failed to pay Ms. Cormier’s medical expenses in a timely fashion, doing so as late as February *1285 1998. In addition, respondent failed to 12pay costs due to the clerk of court, forcing Ms. Cormier to do so. Finally, respondent charged her client $4,500 in expenses and investigative fees for which she was unable to account.

The Baker Matter

Respondent was retained to handle a personal injury matter for Theresa Baker. When the case settled in September 1998, respondent withheld the sum of $2,106 to pay Ms. Baker’s medical providers. However, as late as April 1999, one provider, Dr. Duplantis, had not been paid. Respondent’s trust account records indicate that the account was overdrawn, then closed.

The Simmons Matter

Respondent was retained to handle a personal injury matter for Lakendra Simmons and her brother, Claude Simmons. Respondent failed to adequately communicate with her clients and missed scheduled appointments. The case settled in January 1998; however, respondent failed to pay her clients’ medical expenses in a timely fashion, doing so as late as November 1998. Respondent charged her clients inflated expenses, in particular $850 each (above and beyond the contingency fee) for legal work.

The Chaisson Matter

Respondent was retained to handle a personal injury matter for Keisha Chais-son. Respondent failed to adequately communicate with her client and faded to keep her aware of the progress of her case. When the ease against one defendant settled in July 1998, respondent withheld sums to pay Ms. Chaisson’s medical | ^providers; however, she failed to do so. Respondent’s trust account records indicate that the account was overdrawn, then closed.

The Saloom Matter

Respondent represented several personal injury clients who were referred to Dr. Saloom for medical treatment. However, respondent failed to pay Dr. Saloom timely when the clients’ cases settled. For example, respondent settled the Chevis case in December 1997, but she did not pay the medical expenses in full until May 1999. Respondent settled the Alexander, Watson, Issac, and Thomas cases between July and December 1998, but the clients’ medical expenses were not paid in full until April 1999. In addition, respondent charged her clients inflated expenses. Respondent’s trust account records indicate that the account was overdrawn, then closed.

The Ducharme Matter

Respondent was retained to handle a personal injury matter for Edward Duc-harme. Respondent failed to adequately communicate with her client and failed to keep him aware of the progress of his case. Respondent also failed to diligently pursue the matter and settled Mr. Ducharme’s claims prematurely in August 1998. Nevertheless, respondent did not disburse to Mr. Ducharme his portion of the settlement, nor did she keep the funds protected in her trust account, despite her assertions to the contrary. In fact, respondent’s trust account records indicate that the account was overdrawn, then closed.
| ¿The Hyatt Matter
Carol Hyatt paid respondent $2,560 to handle a criminal appeal on behalf of her son. Respondent failed to adequately communicate with her client and performed little or no work in the matter. Ms. Hyatt subsequently requested an accounting or a refund of the unearned portion of the fee; however, respondent failed to comply with either request.
*1286 A copy of Ms. Hyatt’s complaint to the ODC was forwarded to respondent by certified mail in April 2000. Respondent did not answer the complaint until May 2000.
01-DB-018

The Felton Francis Matter

Respondent was retained by Felton and Sara Francis to handle various legal matters on their behalf. Respondent failed to adequately communicate with her clients and failed to keep them aware of the progress of their cases. Respondent also failed to diligently pursue the matters she had been retained to handle. For example, Mr. and Mrs. Francis borrowed money to purchase a car from respondent’s father. Respondent promised to pay the loan back out of settlement proceeds due Mr. and Mrs. Francis, but she failed to do so. As a result, Mr. and Mrs. Francis were sued by the creditor. Respondent also failed to cooperate in the ODC’s investigation of the complaint filed by Mr. and Mrs. Francis. In particular, the ODC served respondent personally with a subpoena compelling her to appear on December 7, 2000 and provide information under oath concerning the complaint. Respondent failed to appear.
| ¡¡The Noel Matter
Respondent was retained to handle a personal injury matter for Stacey Noel. When the case settled in July 2000, respondent withheld sums to pay Ms. Noel’s medical providers; however, she failed to do so. Respondent also did not disburse to Ms. Noel her portion of the settlement, nor did she keep the funds protected in her trust account. In fact, respondent’s trust account records indicate that the account was overdrawn, then closed. Respondent thereafter refused to communicate with Ms. Noel concerning the settlement. Finally, respondent failed to cooperate in the ODC’s investigation of the complaint filed by Ms. Noel.

The LeBlanc Matter

Respondent settled a personal injury matter she handled for Cicily LeBlanc. However, respondent did not disburse to Ms. LeBlanc her portion of the settlement, nor did she keep the funds protected in her trust account. In fact, respondent’s trust account records indicate that the account was overdrawn, then closed. Respondent thereafter refused to communicate with Ms. LeBlanc concerning the settlement. Respondent also failed to cooperate in the ODC’s investigation of the complaint filed by Ms. LeBlanc.

The John Francis Matter

Respondent settled a personal injury matter she handled for John and Edna Francis. However, respondent did not disburse to Mr. and Mrs. Francis their portion of the settlement, nor did she keep the funds protected in her trust account. In fact, respondent’s trust account records indicate that the account was overdrawn, then closed. In addition, respondent wrote a check on her trust account and gave it to the Francis’ prior attorney, Kyle Gideon, who had requested that respondent withhold Ififunds from the settlement to reimburse him for his attorney’s fees and medical expenses he had paid. This check was returned for insufficient funds. Respondent thereafter refused to communicate with Mr. Gideon or Mr. and Mrs. Francis. Finally, respondent failed to cooperate in the ODC’s investigation of the complaint filed in this matter.

The Walker Matter

Vanessa Walker paid respondent $1,500 to handle a criminal matter. Respondent failed to adequately communicate with her client and failed to keep her aware of the progress of her case. Respondent also failed to diligently pursue the matter she had been retained to handle, yet refused to *1287 refund the unearned portion of the fee. Finally, respondent failed to cooperate in the ODC’s investigation of Ms. Walker’s complaint.
DISCIPLINARY PROCEEDINGS
The consolidated formal charges filed against respondent allege that her conduct constitutes a violation of Rules 1.1 (failure to provide competent representation to a client), 1.3 (failure to act with diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5 (fee arrangements), 1.7(b) (conflict of interest), 1.15 (safekeeping property of clients or third persons), 1.16 (termination of the representation), 3.2 (failure to make reasonable efforts to expedite litigation), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(g) (failure to cooperate with the ODC in its investigation) of the Rules of Professional Conduct.
17Prior to a formal hearing in the consolidated matters, respondent filed a petition for consent discipline, admitting the factual allegations set forth in the formal charges and proposing the imposition of disbarment. The ODC concurred in the petition.

Disciplinary Board Recommendation

The disciplinary board found that respondent’s actions were negligent in part, knowing in part, and intentional in part. As a result of respondent’s misconduct, her clients, the legal system, the public, and the profession have been injured. Many clients and third parties have been deprived of settlement funds, unearned fees, or fees for services provided. The board noted that some medical providers have received payment, though late. Although no aggravating or mitigating factors are set forth in the petition for consent discipline, the board determined that the following aggravating factors are present in this matter: multiple offenses, dishonest or selfish motive, pattern of misconduct, vulnerability of the victims, and indifference to making restitution. The sole mitigating factor present is respondent’s lack of a prior disciplinary record. Considering the ABA’s Standards for Imposing Lawyer Sanctions and the prior jurisprudence of this court dealing with similar misconduct, the board found disbarment is the only appropriate sanction in this case.
Accordingly, the board recommended the court accept the petition for consent discipline and disbar respondent from the practice of law. The board further recommended that respondent be ordered to make restitution to her clients and third parties. Finally, the board recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
I «DISCUSSION
Although this matter arises from a petition for consent discipline, Supreme Court Rule XIX, § 20(B) provides that the extent of discipline to be imposed is subject to review. In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. *1288 Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent has admitted to numerous instances of serious professional misconduct, including neglect of legal matters, failure to communicate with clients, failure to account for or return unearned legal fees, failure to properly safeguard client and third-party funds, and failure to cooperate with the ODC in its investigation. The baseline sanction for respondent’s conduct in these matters is disbarment. See Louisiana State Bar Ass’n v. Hinrichs, 486 So.2d 116, 122 (La.1986). After reviewing the record, in particular the lengthy list of aggravating factors the board determined to be present in this case, we see no reason to deviate from the baseline sanction. Accordingly, we will accept the petition for consent discipline and order that respondent be disbarred from the practice of law.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that the name of Roxanne D. An-drus be stricken from the roll of attorneys and that her license to practice law in the State of Louisiana be revoked. Respondent is ordered to make restitution to her clients and [9to injured third parties. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. On March 28, 2001, this court ordered that respondent be placed on interim suspension pursuant to a joint motion filed by respondent and the ODC. In re: Andrus, 01-0593 (La.3/28/01), 783 So.2d 1242.